IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMAR R. CEPHAS, SR.,** | ) | **CASE NO. 7:20CV00364** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BERNARD BOOKER,** | ) | |
| **ET AL.,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

Jamar R. Cephas, Sr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against prison officials at Buckingham Correctional Center ("BKCC") who allegedly failed to protect him from being harmed by a mentally ill inmate, Kevin Hunter, who is also named as a defendant. After review of the record, the court concludes that the claims against Hunter must be summarily dismissed.[1]

In May 2019 at BKCC, Cephas and Hunter were confined in the same housing area, A3 Pod, a unit housing general population inmates. Hunter, who had been housed at BKCC for some years, had been diagnosed with mental illness and was prescribed medication for his condition. On May 9, 2019, Hunter followed Cephas into his cell and stabbed him five times in the abdomen. Cephas was hospitalized for four days and then spent several days in the BKCC infirmary. His injuries required stitches. Cephas filed this § 1983 action in June 2020, naming Hunter as one of three defendants. As relief in the case, Cephas seeks monetary damages for pain and suffering.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." At the pleadings stage, the court must assume the truth

---

[1] By separate order, the court will direct the clerk to attempt service of process on the defendant prison officials, Bernard Booker and Lieutenant Holman.

of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The court is satisfied that Cephas cannot sue inmate Hunter under § 1983 in federal court. Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).

Cephas states that he is suing the defendants under § 1983, a federal statute. To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Thus, such a claim can be considered as a federal question that is within the jurisdiction of the court. To determine if defendant Hunter qualifies as a person acting under color of state law for purposes of a § 1983 claim, the court must make two, closely related determinations.

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Hunter's alleged actions against Cephas do not meet either of the Lugar factors. There is no allegation in the complaint suggesting that Hunter was exercising any right he had under state

2

law, or that he was following a state official's directive or policy when he assaulted Cephas. Hunter is also not a state official himself and did not receive aid from state officials in carrying out the conduct of which Cephas complains. Accordingly, the court concludes that Hunter's conduct is, in no way, chargeable to the state so as to make him a state actor subject to being sued under § 1983. As such, Cephas cannot proceed with any claim under § 1983 that Hunter's actions violated his constitutional rights. Therefore, his § 1983 claims against Hunter do not fall within the court's federal question jurisdiction under 28 U.S.C. § 1331,[2] and will be dismissed without prejudice as legally frivolous.

The clerk is directed to send copies of this memorandum opinion and accompanying order to Cephas.

**ENTER**:  This  12th  day of November, 2020.

_____
Senior United States District Judge

---

[2] Cephas does not assert a claim against Hunter under the court's diversity jurisdiction, see 28 U.S.C. § 1332(a), and his submissions do not suggest that he could do so. Under this section, a district court can exercise original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties are citizens of different states. Id. Cephas' complaint fails to fulfill either of these requirements. He offers no indication that he and Hunter are citizens of different states. Furthermore, he offers no evidence that the monetary value he assigns to the harm Hunter allegedly caused him, in actuality, exceeded the total required under § 1332(a).